UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL NOLAU, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>WSP USA INC.; and other individuals or entities related to the same,<br><br>Defendants. | **Case No.:**<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff MICHAEL NOLAU ("Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.       This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, NYLL Article 19 § 663, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid wages, including damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed by Defendant WSP USA INC., and any other individuals or entities related to the same ("Defendants") between October 2015 and the present in the State of New York, as well as monies owed for failing to compensate workers for all time worked, including hours that qualify as overtime hours and which would require overtime compensation.

2.       Additionally, Defendants failed to compensate workers like Plaintiffs with all prevailing wage payments, including by utilizing various payment schemes to avoid proper

compensation, e.g., by paying through different corporate entities for the same work and same tasks to avoid proper wage compensation.

3.      Upon information and belief, since at least October 2015 and continuing through the present ("Relevant Period"), Defendants compensated all their employees on a bi-weekly basis, regardless of whether said employees qualified as manual laborers under the NYLL.

4.      Upon information and belief, through the present, Defendants had not been authorized by the New York State Department of Labor Commissioner to compensate their employees who qualified as manual laborers on a bi-weekly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from said Commissioner, such workers must be compensated not less frequently than on a weekly basis.

5.      Moreover, throughout the Relevant Period, Defendants have engaged in a policy and practice of failing to pay their employees for all hours worked.

6.      Throughout the Relevant Period, Plaintiff and other similarly situated workers engaged in manual labor braving the outdoor elements during the ordinary course of their work for Defendants.

7.      Plaintiff and other similarly situated workers worked outdoors, carrying heavy equipment across work sites, using tools to clear brush and to cut down small trees, shovels to dig and level work surfaces, including the ground surface, and to use tools to hammer specialized nails into the ground and concrete surfaces.

8.      As a result of Defendants' policy and practice, Plaintiff and other similarly situated workers were not properly compensated with the proper wage payments, including overtime payments, prevailing wage payments, weekly payments, and were subject to other damages under the Labor Law, its implementing regulations, and other statutory authority.

## JURISDICTION & VENUE

9.      This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of New York, and have performed substantial work in contracts related to businesses or physical properties located in New York City, including where Named Plaintiff and other employees work, including in this District.

10.     This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiff submits that all such conditions are satisfied such that this Court has original jurisdiction.

11.     Moreover, jurisdiction of this Court is also invoked pursuant to FLSA 29 U.S.C. § 216, and 28 U.S.C. §§ 1331 and 1337

12.     Moreover, jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1332, in that the Named Plaintiff is a resident of New Jersey, Defendant WSP USA Inc. is incorporated in New York, and the matter in controversy exceeds the sum of $75,000.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

14.     Plaintiff MICHAEL NOLAU is an individual who currently resides in the State of New Jersey, and who was employed in a non-exempt, hourly position that typically required he

perform duties as a manual labor for more than 25% of his workday including by performing physical labor associated with Defendants' construction projects.

15.     Plaintiff NOLAU was compensated every other week by Defendants throughout the entirety of his employment, which commenced in or around June 2017 and continues to the present.

16.     During numerous periods of time, Plaintiff Nolau worked over 40 hours per week without proper overtime and prevailing wage compensation, including overtime at the proper prevailing wage overtime rate.

17.     For example, during April 2019 through August 2021, Plaintiff Nolau worked at 270 Park Ave. – or related location sites such as Grand Central and East Side Access – without being paid prevailing wage pay, despite working in excess of 50 hours per week.

18.     As another example, during August 2020 through March 2021, Plaintiff Nolau worked at the Rutgers Tube job site – locate on the lower east side of Manhattan and affiliated job sites in the DUMBO neighborhood of Brooklyn on the MTA Railroad Project. During this period of time, Plaintiff Nolau typically worked in excess of 50 hours per week without prevailing wage compensation and without being paid overtime at the proper prevailing wage rate.

19.     As another example, during November 2017 through December 2018, Plaintiff Nolau worked at the Port Authority and occasionally worked greater than 40 hours on that project by a few hours, but he failed to receive overtime compensation at the proper overtime and prevailing wage rate.

20.     As another example, during February through May 2022, Plaintiff Nolau worked on the Park Avenue Viaduct project and regularly worked 60 or more hours per week – including 12-hour shifts and weekend shifts. Despite performing work that would qualify as "double time"

or "overtime", Plaintiff Nolau was missing compensation in the range of between $3 and $10 per hour, including not being paid "double time" pay at all.

21.    In sum, Plaintiff Nolau worked numerous prevailing wage jobs and was not compensated at the proper prevailing wage rate, including those at the proper overtime rate.

22.    Plaintiff Nolau regularly received compensation on a biweekly pay schedule and in which Plaintiff was compensated through a corporate entity identified as "WSP USA Inc." on his paystub.

23.    Plaintiff Nolau was time and again injured by Defendants' failure to pay his timely wages, inasmuch as Defendants' conduct routinely deprived him on a temporary basis of monies owed to him.

24.    Despite working more than 40 hours per week, Defendants failed to compensate Plaintiff Nolau at the proper overtime rate for all hours worked above 40 hours per week, including at the proper overtime and double time rates in accordance with the applicable prevailing wage schedule.

25.    Upon information and belief, Defendant WSP USA INC. is a domestic corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 28 Liberty St., New York, NY 10005 and with an additional listed business address of 4139 Oregon Pike, Ephrata, PA 17522 on Plaintiff Nolau's paystubs.

26.    Defendant WSP USA Inc. operated, managed, and controlled their various employees on jobs performed in New York, including on jobs governed by prevailing wage and Public Works in or around NYC.

27.    Plaintiff Nolau was paid by an entity that identified itself solely as "WSP USA Inc." on his paystubs without identifying the precise corporate entity.

## CLASS AND COLLECTIVE ALLEGATIONS

28.     This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

29.     This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants in non-exempt, hourly positions, including those that failed to receive overtime compensation at the appropriate rate, those that failed to receive the appropriate prevailing rate applicable to their job duties, and those received biweekly pay even though the workers perform manual labor for more than 25% of their workdays.

30.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds, if not thousands, of employees. In addition, the names of all potential members of the putative class are not known.

31.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

a)      whether Defendants compensated their employees on a bi-weekly basis;

b)      whether Plaintiffs were a manual worker and required biweekly pay under the Labor Law, its implementing regulation, and the case law;

c)      whether Plaintiffs were paid proper prevailing wage rates for all hours worked;

d)      whether Plaintiffs were properly compensated at the proper rate when they worked greater than 40 hours in a work week;

e)      whether Plaintiffs received proper notice pursuant to the Wage Theft Prevention Act; and

f)      whether Defendants provided proper notice to Plaintiffs at the time
of hiring, upon receiving a chance in pay, and at the time they
received payment.

32.     The claims of the Named Plaintiff are typical of the claims of the putative class.

33.     Named Plaintiff and putative class members were all subject to Defendants'
policies and willful practices of failing to compensate employees in compliance with applicable
law.

34.     Named Plaintiff and his counsel will fairly and adequately protect the interests of
the putative class.

35.     Named Plaintiff has retained counsel experienced in complex wage and hour class
action litigation.

36.     A class action is superior to other available methods for the fair and efficient
adjudication of this controversy.

37.     The individual Named Plaintiff and putative class members lack the financial
resources to adequately prosecute separate lawsuits against Defendants.

38.     A class action will also prevent unduly duplicative litigation resulting from
inconsistent judgments pertaining to the Defendants' policies.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**BREACH OF CONTRACT**

39.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

40.     Defendants are "employers," within the meaning contemplated pursuant to Labor
Law Article 6 § 190(3), Labor Law Article 19 § 651(6), and cases interpreting same.

41.     Defendants entered into one or more Public Works Contracts to perform work in
the State of New York as well as the surrounding region, including in New York City.

42.     Each Public Works Contract referenced or contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Named Plaintiff and the other members of the putative class.

43.     Named Plaintiff was not paid the proper prevailing wages on numerous occasions, including when he worked at work projects including, but not limited to:

a.  Plaintiff Nolau worked on the Park Ave. Viaduct Project from approximately February through May 2022, including during a period of time in April and May in which he regularly worked six days per week and 12-hour shifts during the weekend, including 12-hour shifts on Saturday – for a total of between 62 and 66 hours in a work week. For example, during April 23, 2022 through May 6, 2022, Plaintiff Nolau worked 131 hours during that biweekly period including 51 hours of overtime, and two 12-hour shifts on Saturdays. Defendants compensated Plaintiff Nolau at the rate of $56.68 as a regular rate and $89.52 as an overtime rate, when he should have been compensated at $66.38 as a regular rate and $92.32 for overtime. Despite working over eight hours on Saturday, Plaintiff Nolau was not paid at the double time rate as required by the Prevailing Wage Schedule for his two 12-hour Saturday shifts during that biweekly period. Similar such wage underpayments occurred on that project.

b.  270 Park Avenue project, located at 270 Park Avenue, New York, NY 10172, from April 25, 2019, and continuing through August 6, 2021, and which involved Plaintiff Nolau working on the control set for three sites (Grand Central Terminal, East Side Access, and 270 Park Avenue); Plaintiff Nolau was not paid Prevailing Wage rates, nor Prevailing Wage Overtime rates for hours worked in excess of forty hours per week. Further,

Plaintiff Nolau received no night pay differential while working up to and including in excess of 50 hours per week. Similar such wage underpayments occurred on that project.

c. Rutgers Tube project, connecting the Lower East Side of Manhattan to Brooklyn, an MTA Railroad project, from August 2020, and continuing through March 2021, and which involved Plaintiff Nolau climbing up and down ladders, walking long distances through tunnels, and working in loud and hazardous conditions without being provided hearing protection or respirators; Plaintiff Nolau was not paid Prevailing Wage rates, nor Prevailing Wage Overtime rates for hours worked in excess of 40 hours per week. Further, Plaintiff received no night pay differential while working up to and including in excess of 50 hours per week. Similar such wage underpayments occurred on that project.

d. Port Authority Project, involving surveying the associated Port Authority Airports at New York Stewart, Newark Liberty, and Teterboro (note: both in NJ), from November 2017, and continuing through December 27, 2018, and which involved Plaintiff Nolau working outdoors in high and low temperatures, walking long distances while carrying heavy equipment; Plaintiff Nolau was not paid Prevailing Wage rates, and on occasions in which Plaintiff Nolau worked in excess of forty hours per week, Plaintiff Nolau did not receive Prevailing Wage Overtime rates for such work when he worked greater than 40 hours in a work week. Similar such wage underpayments occurred on that project.

e. Nassau Hub project, located in Uniondale, NY, 11553, in the area surrounding Nassau Veterans Memorial Coliseum, and with Named Plaintiff's work involving surveying the topography of streets for planned bus stops and new traffic control boxes; for this two-day project in June 2020, Plaintiff Nolau was paid Prevailing Wage rates, but not provided Prevailing Wage Overtime pay despite working in excess of 10 hours and up to

12 hours each day. Plaintiff Nolau did not receive double time pay at the proper rate. Similar such wage underpayments occurred on that project.

f.   Upon information and belief, Plaintiff Nolau performed work on other projects that were governed by prevailing wage laws and contracts and was paid in a similar manner.

44.   Those prevailing rates of wages and supplemental benefits were made a part of each Public Works Contract for the benefit of Named Plaintiff and the other members of the putative class.

45.   Defendants breached the Public Works Contracts by failing to ensure that Named Plaintiff and the other members of the putative class were paid the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Projects.

46.   By reason of their breach of each Public Works Contract, Defendants are liable to Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, costs and attorneys' fees.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:<br>
<u>FAILURE TO PAY TIMELY WAGES</u>**

47.   Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

48.   Defendants are employers as that term is defined in the Labor Law, the implementing regulations, and the case law interpreting the same.

49.   Named Plaintiff and similarly situated individuals are employees at that term is defined in the Labor Law, the implementing regulations, and the case law interesting the same.

50.   The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect Named Plaintiff and members of the putative class.

51.     Defendants failed to pay Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

52.     Named Plaintiff was compensated only on a biweekly basis, as reflected in his biweekly paystubs from a corporate entity known as "WSP USA Inc."

53.     Defendants failed to obtain approval from the Department of Labor or other government institutions to make biweekly payments.

54.     By the foregoing reasons, Defendants violated NYLL § 191(1)(a), and as such is liable to Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME WAGE COMPENSATION

55.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

56.     Defendants are an employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d) and case law interpreting the same

57.     Named Plaintiff, and those individuals similarly situated, are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

58.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

59.     Named Plaintiff, and, upon information and belief, those individuals similarly situated, including those specifically in employed in full-time capacities, routinely worked in excess of forty (40) hours per week, including regularly working approximately 45 to 50 hours per week, but they failed to receive overtime compensation at the proper overtime prevailing wage rate – in accordance with the Prevailing Wage Schedule.

60.     Named Plaintiff was not compensated with overtime compensation in accordance with the Prevailing Wage Schedule – including when he worked more than eight hours per day ("time & one half") and worked 12-hour shifts ("double time")

61.     As detailed by the examples set forth above, Plaintiff Nolau regularly worked eligible projects where he was entitled to overtime at the proper Prevailing Wage overtime rate and double time rate, and was instead compensated at a lower hourly rate.

62.     As such, Named Plaintiff, and those individuals similarly situated, upon information and belief, did not receive overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

63.     Consequently, by failing to pay Named Plaintiff and those individuals similarly situated, all their overtime compensation, Defendants violated the FLSA 29 U.S.C. § 207.

64.     Upon information and belief, the failure of the Defendants to pay overtime compensation was willful.

65.     Named Plaintiff and other similarly situated workers are not exempt from overtime payment pursuant to the FLSA.

66.     By the foregoing reasons, Defendants are liable to Named Plaintiff, and those individuals similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK OVERTIME WAGE COMPENSATION

67.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

68.     Defendants are employers within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

69.     Named Plaintiff is an employee within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

70.     Defendants are subject to the regulations proscribed in the "Miscellaneous Industries and Occupations" under NYCRR Part 142.

71.     Pursuant to 12 NYCRR Part 142, an employer must pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate of pay.

72.     New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

73.     Named Plaintiff, and, upon information and belief, those individuals similarly situated, consistently worked in excess of forty (40) hours per week, regularly working up to and in excess of fifty (50) hours per week.

74.     Named Plaintiff, and those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

75.     Namely, Named Plaintiff received compensation at a significantly lower rate than he was entitled under the prevailing wage requirements of the contracts under which he performed work.

76.     Consequently, by failing to pay Named Plaintiff and those individuals similarly situated, all their overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR Parts 142.

77.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

78.     By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR Parts 142 and is liable to Named Plaintiff and similarly situated individuals in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PROVIDE WAGE STATEMENT

79.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

80.     Pursuant to Labor Law Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate

or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

81.     Here, Named Plaintiff and, upon information and belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including information pertaining to the proper rate of pay, the prevailing wage rate of each project, the hours worked on each project, the name of the corporate entity that employed Plaintiffs, and other information.

82.     Labor Law Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

83.     By the foregoing reasons, Defendants have violated Labor Law Article 6 § 195(3), and are liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, damages, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
### <u>FAILURE TO PROVIDE NOTICE UPON HIRING & PAY CHANGES</u>

84.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

85.     Pursuant to Labor Law Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following

information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

86.     Here, Named Plaintiff and, upon information and belief, other members of the putative class, did not receive a notice in writing at hiring – or at any time thereafter – listing all required information, including the rates at which they were to be compensated and their regular pay day as designated by Defendants.

87.     Labor Law Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

88.     By the foregoing reasons, Defendants have violated Labor Law Article 6 § 195(1)(a), and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, damages, plus interest, attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: <u>RETALIATION</u>

89.     Pursuant to Labor Law Article 19 § 215 "No employer or his agent or her agent, nor the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner…"

90.     Labor Law Article 19 § 215 further states "[a]n employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section."

91.     Named Plaintiff, through counsel, complained about his failure to receive proper compensation, including under the various state laws, via letter sent on March 16, 2022.

92.     Such an action is protected under Labor Law § 215 as a protected action.

93.     That complaint against Defendants qualifies as a reasonable and good faith complaint that an employer has violated the Labor Law, including biweekly compensation.

94.     In retaliation for filing this complaint, Defendants took an adverse employment action against Named Plaintiff by removing him from the Park Avenue Viaduct project, by taking him off the schedule for work days that were scheduled to be "double time" pay projects, by moving him to less lucrative projects, and by issuing verbally abusive directions from his supervisors under pretext that it was related to his work performance.

95.     On May 20, 2022, Named Plaintiff lodged an additional complaint with Human Resources about retaliation.

96.     Plaintiffs suffered damages as a result of Defendants' actions, including lost wages and other injuries.

97.     By the foregoing reasons, Defendants have violated Labor Law Article 19 § 215 and are liable to Plaintiffs in an amount to be determined at trial, damages, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Named Plaintiff, individually and on behalf of others similarly situated, seek the following relief:

(1)     an amount to be determined at trial for all wage and hour violations;

(2)     an amount of liquidated damages under the FSLA, Labor Law, its implementing regulations, and case law on the same;

(3)     statutory damages under the Wage Theft Prevention Act including Labor Law §§ 195 and 198;

(4)     interest;

(5)     attorneys' fees;

(6)     costs;

(7)     damages associated with the retaliatory actions;

(8)     declaratory relief;

(9)     injunctive relief;

(10)    any other relief the Court deems just and reasonable, or that could be inferred from the facts and allegations contained here.

Dated:  Carle Place, New York
       May 24, 2022

**LEEDS BROWN LAW, P.C.**

_____/s/_____
Michael A. Tompkins
Jeffrey K. Brown
Brett R. Cohen
Sean M. O'Hara
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550
www.leedsbrownlaw.com

*Attorneys for the Named Plaintiff &*
*Putative Class*

# **CONSENT TO JOIN FORM**

      1.    I, Michael Nolau _____, consent to be a party plaintiff in a lawsuit against Defendant(s), _____WSP USA Inc._____, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.    I hereby designate Leeds Brown Law, P.C. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Michael Nolau (May 20, 2022 11:18 EDT)
Signature

Michael Nolau
_____
Printed Name

Telephone Number: (516) 873-9550 | leedsbrownlaw.com | Address: 1 Old Country Road, Suite 347, Carle Place, NY 11514