UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                   :

MICHAEL NOLAU, *individually and on*
*behalf of others similarly situated*,     :

                    Plaintiffs,   :        22-CV-4276 (VSB)

           -against-     :        **<u>OPINION & ORDER</u>**

WSP USA INC., *and other individuals or*
*entities related to the same*,       :

               Defendants.  :
                                   :
-------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

     Plaintiff Michael Nolau, on behalf of himself, and Defendant WSP USA Inc. move for an

entry of judgment pursuant to Federal Rule of Civil Procedure 68.  (Docs. 39–40.)  As this is a

Fair Labor Standards Act ("FLSA") case, a private settlement and dismissal by parties under

Rule 41, is barred by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  In

*Cheeks*, the Second Circuit determined that FLSA settlements have "unique policy

considerations" such that they must "require the approval of the district court or the [Department

of Labor] to take effect."  796 F.3d at 206.  After *Cheeks*, however, the Second Circuit

determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA

claims."  *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019).

     I have repeatedly raised concerns that *Mei Xing Yu* creates outcomes inconsistent with the

spirit and purpose of *Cheeks* by forcing courts to enter judgments that would not survive *Cheeks*

review.  *See Flores v. Chowbus, Inc.*, No. 21-CV-970 (VSB), 2022 WL 16748782, at *2

(S.D.N.Y. Nov. 7, 2022) (noting that a proposed Rule 68 judgment likely would not have

contained sufficient information to be approved under *Cheeks*); *Foster v. Monticello Motor Club Sales & Mgmt.*, No. 21-CV-1400 (VSB), 2022 WL 4286607, at *2 (S.D.N.Y. Sept. 16, 2022) (noting that a Rule 68 judgment for $10,000 inclusive of fees and costs would be unlikely to survive *Cheeks* review because the actual amount of attorneys' fees could not be determined); *Hong v. Lin's Garden Rest., Inc.*, No. 20-CV-2633 (VSB), 2023 WL 4398506, at *2 (S.D.N.Y. July 7, 2023) (noting that a Rule 68 judgment for $90,000 inclusive of fees and costs would be unlikely to survive *Cheeks* review because the actual amount of attorneys' fees could not be determined), *judgment entered*, No. 20-CV-02633, 2023 WL 4398997 (S.D.N.Y. July 7, 2023). Other judges in this District have raised similar concerns.  *See, e.g.*, *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18 CIV. 994 (PAC), 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020) ("The unfortunate result [of *Mei Xing Yu*] is that district courts, faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, will be forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68.").

Here, the parties include terms and conditions in their offer and acceptance of judgment that I would likely deem unreasonable in a settlement agreement submitted pursuant to *Cheeks*. In particular, the offer of judgment sets forth the judgment amount as $5,000, inclusive of attorneys' fees, expenses, and costs, but does not indicate how much of that amount will be paid in attorneys' fees or costs, (Doc. 39-1 at 1), making it impossible for me to ascertain whether the attorneys' fees are reasonable.  This term is incompatible with what I would consider a reasonable FLSA settlement.  *See Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020) (holding that when "attorneys' fees and costs are provided for in the settlement" the "fee

applicant must submit adequate documentation supporting the [request]" for the district court to evaluate for reasonableness).

However, *Mei Xing Yu* compels me to sign the proposed judgment in contravention to the result that I would likely reach under *Cheeks*.  Therefore, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment shall be entered in accordance with the parties' Rule 68 offer and acceptance of judgment filed in this case.  (Docs. 39–40.)  The judgment will be filed simultaneously with this Order.

SO ORDERED.

Dated:  January 2, 2024
          New York, New York

Vernon S. Broderick
United States District Judge